## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REGINALD AUSTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1482 RLW |
| MATTHEW GREGSTON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Reginald Austin for leave to commence this action without payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court determines that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $59.67. *See* 28 U.S.C. § 1915(b)(1). Further, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of plaintiff's underlying federal criminal appeal arising out of the same facts.

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency

having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a report of his deposits at the United States Penitentiary, Marion for the time period July 15, 2023 to October 23, 2023 (ECF No. 3). Based on the report, plaintiff has an average monthly deposit of $298.33. The Court will assess plaintiff an initial partial filing fee of $59.67, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against three officers from the St. Louis City Police Department, arising out of plaintiff's alleged wrongful search and seizure on July 28, 2020. Plaintiff states that on July 28, 2020, he was pulled over by three St. Louis City Police Officers, Matthew Gregston, Larry Wentzell, and Eric Lang, for the traffic violations "improper lane usage" and "improper lane change without signaling." The officers stated that as they approached plaintiff's vehicle they noticed "suspicious movement" and an alleged "strong odor of marijuana" emanating from the vehicle. For these reasons, the officers decided to extend the traffic stop and conduct an investigation. Plaintiff states he was "coerced out of my vehicle, a pat down search of my person was conducted, and a firearm was discovered."

Plaintiff states Officer Gregston pulled him over for allegedly making a wide illegal turn out of a gas station parking lot and immediately changing lanes several times without signaling. Gregson testified that as he approached plaintiff's vehicle, he saw plaintiff's "head kind [of] popping around" inside the vehicle, and smelled the strong odor or marijuana. Officer Lang corroborated Gregston's statements, saying he also saw plaintiff move as if trying to conceal something and smelled the strong odor of marijuana from plaintiff's car.

Plaintiff states that once pulled over, Gregston asked plaintiff to step out of the vehicle, and conducted a pat down search. Gregston did not find anything on the pat down search, and asked plaintiff to return to his vehicle. As plaintiff began walking back to his vehicle, Officer Lang asked if "I have anything on me." Lang approached plaintiff and tried to conduct a second pat down search. Lang ignored plaintiff's protest, and tried to search him while plaintiff "tried to stop

him from doing [so]." Plaintiff states that Officers Gregston and Wentzell restrained him while Officer Wentzell felt inside plaintiff's waistband and crotch area, discovering plaintiff's firearm.

Plaintiff was charged in federal court with being a felon in possession of a firearm. *See United States v. Austin*, No. 4:20-CR-508-SEP-1 (E.D. Mo. filed Sept. 10, 2020). A jury convicted him after trial, and plaintiff appealed his conviction. His appeal is pending in the United States Court of Appeals for the Eighth Circuit. *See United States v. Austin*, No. 23-2570 (8th Cir.).

For relief plaintiff seeks $5 million in damages for discrimination, lost wages, physical injury, and emotional distress.

## Discussion

Although plaintiff has not specified his legal theory, he appears to be challenging the constitutionality of the police officers pulling him over for a traffic violation and proceeding to conduct two pat down searches without plaintiff's consent. This is not the first time plaintiff has challenged the constitutionality of these actions.

In his criminal pretrial motions, plaintiff argued that the officers violated the Fourth Amendment when they initiated the traffic stop because they lacked probable cause to believe he had committed a traffic violation. He also argued officers lacked reasonable suspicion or probable cause to extend the traffic stop beyond the issuance of a citation. Finally, plaintiff alleged the officers' subsequent search of his person which led to the discovery and seizure of his firearm was unreasonable and violated the Fourth Amendment. After two evidentiary hearings, the Court denied plaintiff's pretrial motion to suppress, finding the officers had probable cause for the traffic stop and had reasonable suspicion to prolong or expand the traffic stop, and that neither the pat down search nor plaintiff's warrantless arrest violated the Fourth Amendment. *See id.* at ECF Nos. 18 and 111.

On January 27, 2023, after a two-day jury trial, plaintiff was found guilty of being a felon in possession of a firearm arising out of the incident on July 28, 2020. *See id.* at ECF No. 186. On June 23, 2023, the Court sentenced plaintiff to 51 months' imprisonment followed by 2 years' supervised release. *Id.* at ECF No. 211.

Plaintiff has appealed his conviction, and the appeal remains pending before the United States Court of Appeals for the Eighth Circuit. *See United States v. Austin*, No. 23-2570 (8th Cir. filed Jul. 5, 2023). In his appeal, plaintiff again challenges the District Court's finding that there was reasonable suspicion to detain, question, and pat him down beyond the scope of the initial traffic stop. *Id.* If the Eighth Circuit upholds the District Court's finding that there were no Fourth Amendment violations, it would be inconsistent for the Court to grant plaintiff monetary damages in this pending § 1983 action based on the same alleged Fourth Amendment violations.

In *Wallace v. Kato*, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about . . . whether the impending civil action will impugn that verdict." *Id.* at 393 (internal citation omitted).

Here, plaintiff's Complaint, when liberally construed, seems to assert claims for illegal search and seizure. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's

§ 1983 claims should be stayed until the underlying criminal matter currently pending has been resolved through criminal appeal. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

In addition, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $59.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceeding relating to plaintiff's criminal case *United States v. Austin*, No. 4:20-CR-508-SEP-1 (E.D. Mo. filed Sept. 10, 2020).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of his criminal appeal of *United States v. Austin*, No. 4:20-CR-508-SEP-1 (E.D. Mo.), in *United States v. Austin*, No. 23-2570 (8th Cir.).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending the final disposition of the appellate proceedings relating to plaintiff's criminal case *United States v. Austin*, No. 4:20-CR-508-SEP-1 (E.D. Mo.), in *United States v. Austin*, No. 23-2570 (8th Cir.), and the Court's receipt of plaintiff's written notification of the same. This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel are **DENIED without prejudice**. [ECF Nos. 4 and 8]

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of December, 2023.